### APPLICATION OF THE FELLOW-SERVANT ACT.

[Circuit Court of Hamilton County.]

THE CHARLES BOLDT GLASS CO. v. GEORGE HARRIS.

Decided, February 7, 1905.

*Negligence—The Fellow-Servant Rule—Applied as Between Bricklayers and a Common Laborer—Uncertainty as to Whose Act Caused the Injury.*

1. Bricklayers are fellow-servants of a common laborer over whom they have no further control than to signal when he shall send them brick or mortar.
2. But were this not true, a common laborer could not recover from his employer for an injury resulting from being struck by a brick which fell from a high scaffold, unless it should appear that the brick was dislodged by a bricklayer, and not by his helper.

SWING, J.; JELKE, J., and GIFFEN, J., concur.

Harris brought an action in the Court of Common Pleas of Hamilton County against the glass company for damages for injuries received while working for said company. The negligence alleged in the petition was the negligent construction of a platform and the negligent conduct of the bricklayers working thereon. By this negligence it is alleged a brick was thrown down the shaft or chimney which struck the plaintiff, Harris, on the head producing a great injury to him. A verdict and judgment was rendered in favor of the plaintiff and the action in this court is to reverse this judgment.

The undisputed facts are: That the glass company was building a brick stack; at the top of the stack, some sixty feet from the ground, one or two bricklayers and a helper were working. Harris was what witnesses call a "common laborer." He was ordered by the superintendent of the company to "attend them masons with mortar and brick just as they called for it." His duty under this command was to wheel brick and mortar to an arch-way of the stack, and attach a hook to buckets of mortar or brick whichever was called for by the parties working at the top of the stack. This hook was attached to a rope, which by means of a horse and pulleys, hoisted the brick and mortar to the top of the stack where it was detached by the helper, who in turn handed it to the bricklayers, who worked on a platform just above the platform on which the helper stood.

The only authority that the bricklayers or helper had over Harris, or at least in this case exercised over him, was to direct the time at which either brick or mortar was to be hooked to the rope to be sent up. Under this state of facts, Harris and those working at the top of the stack were fellow-servants. 33 O. S., 196; 37 O. S., 665; 70 O. S., 170.

The petition alleged that Harris was struck by a brick, which was thrown from the platform. The evidence fails to show what Harris was struck with. That he was struck with something and that his head was cut and that he was quite seriously injured is shown; but what it was that hit him is not shown, and that would probably be immaterial if it were shown that the injury was caused by the negligence of defendant. But

what set the substance in motion that hit Harris is not shown. The evidence clearly shows the presence of two men working at the top of the stack, Whitaker, a bricklayer, and Davis, a helper. It further tends to show the presence of another, McCoy, a bricklayer, although McCoy says himself that he was not there at the time; but whether he was or not, we think it may be assumed that one of these parties set the object in motion which hit Harris. But we are unable to see any reason to conclude which one of these set the object in motion. There is absolutely no evidence on this matter, except Whitaker testified that he did not, and to the same effect was McCoy's, and Davis died before the day of trial. So that it must be pure conjecture for the jury to say that Whitaker or McCoy caused it, rather than Davis. Davis was a helper and it is admitted was a fellow-servant of Harris, and if he did it, Harris could not recover.

While the petition alleges negligence in the construction of the platform, there is no proof to substantiate this allegation, and no proof that the object was set in motion by reason of anything pertaining to the platform.

In our opinion, the judgment is contrary to law, and is not sustained by sufficient evidence, and should therefore be reversed.

*Jones & James* and *G. B. Groesbeck,* for plaintiff in error.

*Seneca Behmyer,* for defendant in error.